IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

U.S. BANK NATIONAL ASSOCIATION,

          Plaintiff,         OPINION AND ORDER

  v.
                                     11-cv-664-wmc

ATHLETIC CLUB OF MADISON, LLC,
MARIO CHMIEL, EDYTA CHMIEL, BURR
OAK PROPERTIES, LTD., ROYAL GRANITE
& MARBLE, INC., and ASPEN FITNESS
CLUBS OF LANCASTER OHIO, LLC,

          Defendants.

---

      In this civil action, plaintiff U.S. Bank National Association seeks collection on a Note in the original principal amount of $267,000 executed by defendant Athletic Club of Madison, LLC, and guaranteed by the other defendants. Five of the six defendants, Athletic Club of Madison, LLC, Mario Chmiel, Edyta Chmiel, Burr Oak Properties, Ltd. and Royal Granite & Marble, Inc., have all failed to appear and default has been entered against them. (Dkt. #22.) Presently before the court is U.S. Bank's motion for default judgment against the five defendants in default. (Dkt. #23.) Before the court can rule on U.S. Bank's motion, the court first must determine whether it has jurisdiction over this action. Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiff will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

1

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, U.S. Bank contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 8.) But for the latter to be true there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," U.S. Bank has not alleged sufficient information to determine whether complete diversity exists here as to the two LLC defendants. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).[1]

---

[1] With respect to its own citizenship, U.S. Bank alleges that it is a "financial institution with its principal place of business located at 9918 Hibert Street, Second Floor, San Diego, California 92131." (Compl. (dkt. #1) ¶ 1.) The court assumes that its principal place of business is the same as the location of its main office as designated in its articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (holding that the

2

Instead, U.S. Bank alleges defendant Athletic Club of Madison, LLC is "a Wisconsin limited liability company, with its principal place of business at 625 N. Segoe Rd., Madison, WI 53705" and that its "registered agent . . . is Mario Chmiel, 38425 North Burr Oak Lane, Wadsworth, Illinois 60083-9548." (Compl. (dkt. #1) ¶ 2.) As for defendant Aspen Fitness Clubs of Lancaster Ohio, LLC, U.S. Bank alleges that it is "upon information and belief, an Ohio limited liability company with its principal place of business at 7064 E Main Street, Reynoldsburg, OH 443068" and that its "registered agent . . . is Steve Willis, 126 Woodsedge Circle, Heath, Ohio 43056." (*Id.* at ¶ 7.)[2] The Seventh Circuit had advised repeatedly that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *See, e.g.*, *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, U.S. Bank will be given leave to file within 14 days an amended complaint establishing subject matter jurisdiction by alleging the names and citizenship of each member of Athletic Club of Madison, LLC and Aspen Fitness Clubs of Lancaster Ohio, LLC. In alleging the LLC's citizenship, plaintiff should keep in mind that if the member or members of LLCs are themselves a limited liability company, partnership, or other similar entity, then the

---

citizenship of a national bank is the "the State designated in its articles of association as its main office"). To the extent that the state of California is not the location of its main office as designated in U.S. Bank's articles of association, plaintiff is also required to amend its pleadings as to its own citizenship.

[2] In its answer, Aspen Fitness Clubs simply admits that it is a limited liability company and that is registered agent is Steve Willis, without providing additional information as to its members and the citizenship of its members. (Aspen Fitness Clubs Answer (dkt. #16) ¶ 7.)

citizenship of those members and partners must also be alleged: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) plaintiff U.S. Bank National Association shall have until January 18, 2012, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal for lack of subject matter jurisdiction.

Entered this 4th of January, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge